UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MAC TRUONG,

                Plaintiff,                            **TRANSFER ORDER**

    -against-                                   09 CV 3968 (DLI) (LB)

HUNG THI NGUYEN; Alphonse Hotel Corp.;
ELAINE NGUYEN; SANG KIM NGUYEN;
TRUONG DINH TRAN,

                Defendants.
-----------------------------------------------------------X
-----------------------------------------------------------X
DR. MAC TRUONG,

                Plaintiff,

    -against-                                   09 CV 3982 (DLI) (LB)

MARC BOGATIN,

                Defendant.
-----------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

    Plaintiff, Mac Truong, a disbarred attorney, files these two *pro se* actions pursuant to 42 U.S.C. §§ 1983 and 1985 alleging violations of his civil rights. Plaintiff paid the statutory filing fee to commence these two actions.

    Pursuant to the venue provision governing federal question jurisdiction, these two actions must be filed in the judicial district where defendants reside or where a substantial part of the events or omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b). Here, none of the defendants are located or reside in the Eastern District of New York and none of the events alleged occurred within this district. Rather, defendants are all located in New York County and a substantial part of the events giving rise to these claims occurred in New York County where plaintiff has commenced litigation in the state and federal courts.

## Truong's Filing Injunction History

Having exhibited a pattern of vexatious litigation in other federal and state courts, this Court surmises that plaintiff has filed these actions here with the intention of circumventing several orders enjoining him from filing new civil actions without first obtaining leave of court. *See In re Mac Truong,* No. 09-11047, 2009 WL 2929261 (Bkrtcy S.D.N.Y. Sept. 3, 2009) (dismissing Truong's Chapter 13 petition and enjoining Truong and his wife, Maryse Mac-Truong from filing any bankruptcy petition, motion or pleading in any bankruptcy without prior approval from the Bankruptcy Court and enjoining Truong and his wife from filing any complaint, motion or pleading against Jeffrey L. Sapir, Steven P. Kartzman, in any court or tribunal, state or federal); *In re Mac Truong,* No. 03-40283, 2008 WL 442292, at *7 (Bkrtcy D.N.J. Feb. 14, 2008) (enlarging order barring Truong from litigating against individuals and firms involved in administering Truong's Chapter 7 bankruptcy); *Truong v. Rakoff,* No. 07 Civ. 2490 (KMW) (S.D.N.Y. May 29, 2007) (civil judgment entered barring Truong from filing any new in forma pauperis actions without first obtaining permission from the Southern District of New York); *Truong v. McGoldrick,* No. 06 Civ. 1430 (SAS), 2006 WL 1788960, at *5 (S.D.N.Y. June 27, 2006) (order enjoining Truong "from commencing any actions or proceedings against the Committee defendants or the State Judiciary defendants, or against any other parties, relating to the *Broadwhite* litigation or relating to his suspension or disbarment from the practice of law, absent prior approval from this Court."); *Vishipco Line v. Schwab & Co.,* Nos. 02 Civ. 7823 (SHS), 02 Civ. 7846 (SHS), 02 Civ. 7877 (SHS), 02 Civ. 7915(SHS), 02 Civ. 7928 (SHS), 02 Civ. 7929 (SHS), 2003 WL 1345229, at *9 (S.D.N.Y. Mar. 19, 2003) (order consolidating six cases filed by Truong and enjoining him from commencing any new actions against Schwab or its attorneys or related claims without first obtaining permission from the Court).

Most recently, the United States Court of Appeals for the Second Circuit has warned plaintiff "that any future frivolous appeals, motions, or other vexatious filings could result in the imposition of sanctions, including an order barring any future filings, absent approval by the Court." *Truong v. Kaye*, Mandate, No. 07-2188-cv, 2009 WL 1361297, at *2 (2d Cir. May 15, 2009). Plaintiff also has a history of frivolous litigation in the state courts. *See, e.g., Broadwhite v. Truong*, 294 A.D.2d 140, 141, 740 N.Y.S.2d 882, 883 (1st Dep't 2002) (affirming sanctions imposed by state trial court upon Truong and others "for their unremitting course of obstructionist, frivolous and otherwise contemptuous conduct during this litigation, including disobedience of court orders.").

Plaintiff is hereby warned that this Court will not tolerate attempts to circumvent these bar orders entered by other Courts. Moreover, should plaintiff commence any new frivolous action, whether it is fee-paid or requests to proceed *in forma pauperis*, this Court will impose a filing injunction in this Court. *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted); *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (*per curiam*) (district court may enjoin parties from filing further lawsuits upon notice and an opportunity to be heard). However, without offering any opinion on the merits of these two new actions, in an abundance of caution, the Court shall transfer these actions to the venue where defendants are located and the events giving rise to the claims occurred.

## Conclusion

Accordingly, these two civil actions are hereby transferred to the United States District Court for the Southern District of New York. See 28 U.S.C. §§ 112 (New York County located in the Southern District of New York); 1406(a) (district court may transfer case filed in the wrong district to any district in which it could have been brought).

3

Whether plaintiff should be permitted to proceed in these two actions in light of the filing injunctions in effect is reserved for the transferee Court. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a five-day delay is waived.

SO ORDERED.

/S/
_____
LOIS BLOOM
United States Magistrate Judge

Dated: September 21, 2009
       Brooklyn, New York